IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACKIE CARTER,

                  Plaintiff,                            OPINION AND ORDER

  v.

                                                                      19-cv-367-wmc

SANDRA MCARDLE, JOLINDA
WATERMAN and GARY BOUGHTON,

                  Defendants.

---

JACKIE CARTER,

                  Plaintiff,

  v.

                                                                      19-cv-384-wmc

SANDRA MCARDLE and JOLINDA
WATERMAN,

                  Defendants.

---

JACKIE CARTER,

                    Plaintiff,

  v.

                                                                      19-cv-397-wmc

SANDRA MCARDLE, JOLINDA
WATERMAN, and MR. BROWN,

                  Defendants.

---

*Pro se* plaintiff Jackie Carter, an inmate in the custody of the Wisconsin Department of Corrections ("DOC") incarcerated at the Wisconsin Secure Program Facility ("WSPF"). In Case No. 19-cv-057, he was given leave to pursue an Eight Amendment deliberate indifference claim against defendants Jolinda Waterman and Sandra McArdle. Defendant Waterman is (or was) an employee with the DOC, employed at WSPF as the Health

Services Unit ("HSU") manager. Defendant McArdle is a nurse practitioner, who provides health services as an independent contractor to WSPF inmates, including plaintiff Carter. In the '057 case, plaintiff alleges that defendants violated his Eighth Amendment rights by failing to treat adequately a hernia mesh infection and by withholding prescription pain medication. (3/18/19 Op. & Order ('057 dkt. #10).) In considering Carter's voluminous motions in that case, including various motions for a preliminary injunction, the court has already considered Carter's complaints about denial of shoes, braces and orthotics, and in defendant Waterman's pending motion for summary judgment, she includes facts and arguments relating to that issue as well.

This brings us to the three cases listed in the caption above. In each of these three, proposed cases, plaintiff would again assert claims against Waterman and McArdle, as well as against WSPF Warden Gary Boughton in Case No. 19-cv-367 and against WSPF unit manager Brown in Case No. 19-cv-397. Because plaintiff is incarcerated and is seeking redress from a governmental employee, the Prison Litigation Reform Act ("PLRA") requires the court to screen these complaints and dismiss any portions that: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. For the reasons that follow, the court will grant plaintiff leave to proceed: (1) in the 19-cv-367 case, on an Eighth Amendment claim against defendants Waterman and McArdle for failure to provide a medical mattress; and (2) in the 19-cv-384 case, on a First Amendment retaliation claim against defendants Waterman and McArdle for a brief discontinuance of his Pregabalin prescription allegedly in response to his filings in the '057 case. In the 19-

2

cv-397 case, however, the court will deny him leave to proceed on the basis that any viable claims concerning shoes, braces and orthotics is already part of the original '057 lawsuit still pending in this case.

OPINION[1]

## I. Screening of Proposed Complaints

### A. '367 Lawsuit: Denial of Medical Mattress

In this lawsuit, plaintiff alleges that he has a "very serious problem (medical) with my spine, back, hips, knees, feet, ankles," and in 2018, he was referred to a specialist, Dr. Patterson, in LaCrosse, Wisconsin. (Compl. ('367 dkt. #1) 1.) Dr. Patterson "ordered and prescribed" a medical mattress. (*Id.*) After defendants refused that prescription, plaintiff was later referred to another specialist, Dr. Neuman, also in La Crosse, who also ordered a medical mattress. Defendants again refused to fill that prescription. Plaintiff now alleges that the denials actually *exacerbated* his already serious pain.

Plaintiff seeks to pursue an Eighth Amendment deliberate indifference claim for the denial of a medical mattress. The Eighth Amendment affords prisoners a constitutional right to medical care. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To allege a claim for deliberate indifference, plaintiff must plead that: (1) he had an objectively serious medical need; and (2) defendants were

---

[1] Given the limited nature of the allegations in each of the proposed lawsuits, the court has opted to set forth the facts in the opinion section. In addressing any *pro se* litigant's complaint, the court must read the allegations of the complaint generously, resolving ambiguities and making reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

deliberately indifferent to it. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008).

"A medical need is considered sufficiently serious if the inmate's condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would perceive the need for a doctor's attention." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (quoting *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)). Carter's complaint alleges that he is suffering from chronic pain issues, exacerbated by sleeping on a typical institutional mattress. These allegations are sufficient to satisfy the serious medical need requirement at the pleading stage. *See, e.g.*, *Hayes v. Snyder*, 546 F.3d 516, 523 (7th Cir. 2008) (determining that "existence of chronic and substantial pain" is a serious medical need) (internal citation and quotation marks omitted).

Plaintiff's allegations also give rise to a reasonable inference that McArdle and Waterman were aware of his pain issues, and yet both refused to follow specialists' recommendations or prescriptions for a medical mattress. These allegations are sufficient to find deliberate indifference. *See Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) ("Allegations of refusal to provide an inmate with prescribed medication or to follow the advice of a specialist can also state an Eighth Amendment claim."). Accordingly, the court concludes that plaintiff has adequately alleged an Eighth Amendment deliberate indifference claim against these two defendants.

Plaintiff's complaint, however, fails to include any allegations to give rise to an inference that Warden Gary Boughton is aware of Carter's medical issues, much less of his prescriptions for a medical mattress, nor that he was otherwise involved in the denial of a medical mattress. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010)

("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional violation."). As such, the court will deny Carter leave to proceed against him.

Finally, as the court has previously advised Carter, in pursuing a claim of deliberate indifference against Waterman and McArdle, Carter should be aware that he will ultimately need to come forward with admissible evidence permitting a reasonable trier of fact to conclude that defendant actually acted with deliberate indifference to his serious medical need. This is a much higher standard than that applied at the initial screening stage. Specifically, going forward, it will be Carter's burden to prove that his condition constituted a serious medical need. Additionally, he must prove that defendants (1) knew his condition was serious and required treatment or caused serious pain and suffering, and (2) deliberately ignored his need for proper treatment. Both of these things might very well require Carter to provide credible expert testimony from a physician.

### B. '384 Lawsuit: Retaliation Claim

In the ongoing, previously screened '057 lawsuit against Waterman and McCardle, the court required defendants to provide status updates on various medical issues related to the motion for preliminary injunction plaintiff filed in that lawsuit. Relevant to his new claim in the '384 lawsuit, the court required defendants to provide an update on the status of his Pregabalin (or Lyrica) prescription. Defendants maintain that the prescription was suspended on April 24, 2019, because Carter refused necessary lab work. (Adams Decl., Ex. 1002 ('057 dkt. #40-1) 113-114.) Moreover, they advised that after Carter complied with this lab work, his Pregabalin prescription was reinstated in June.

In contrast, plaintiff alleges that Waterman and McArdle terminated his Pregabalin prescription in retaliation for Carter's request for an injunction in the '057 case -- more specifically, his request to restart another prescription medication, Tramadol. Plaintiff further alleges that the denial of that medication caused him to suffer from "random releasing and squirting of urine, [loss of] balance, sleeplessness" and other medical problems. (Compl. ('384 dkt. #1).)

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To state a claim for retaliation under the First Amendment, Whitaker must allege that: (1) he was engaged in a constitutionally protected activity; (2) he suffered a deprivation that would likely deter a person from engaging in the protected activity in the future; and (3) the protected activity was a motivating factor in defendants' decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)).

As for the first element, Carter's filings in the '057 lawsuit constitute protected activity. *Torry v. Nickels*, No. 14-CV-479-WMC, 2016 WL 5376240, at *2 (W.D. Wis. Sept. 26, 2016) ("[I]t is well established that filing a lawsuit complaining of prison policies constitutes protected activity." (citing *Carter v. Radtke*, No. 10-cv-510-wmc, 2014 WL 5494679 (W.D. Wis. Oct. 30, 2014)). As for the second, plaintiff's allegation of the side effects he experienced because of the abrupt termination of his Pregabalin prescription gives rise to a reasonable inference that he suffered a deprivation likely to deter a person from engaging in protected conduct in the future. Finally, evidence previously submitted

6

by defendants in the '057 case certainly calls into question whether plaintiff will ultimately be able to prove the third element -- a causal nexus between the protected activity and this deprivation. However, after *Higgs v. Carver*, 286 F.3d 437 (7th Cir. 2002), even a conclusory allegation that defendants acted adversely because of protected conduct now appears to be sufficient to state a claim for retaliation. *Id*. at 439; *see also Henderson v. Wilcoxen*, 802 F.3d 930, 933 (7th Cir. 2015) (reaffirming *Higgs* standard). Accordingly, the court finds plaintiff has adequately *pleaded* such a claim and will grant plaintiff leave to proceed on a First Amendment retaliation claim against defendants Waterman and McArdle.

### C. '397 Lawsuit: Denial of Shoes, Braces and Orthotics

In this third proposed lawsuit, plaintiff claims that all three defendants, Waterman, McArdle, and WSPF's unit manager Mr. Brown, violated his Eighth Amendment rights by denying him shoes, braces and orthotics necessary to treat his chronic pain issues between February 3 and March 15, 2019. As described above, the '057 lawsuit involves plaintiff's claims for the denial of shoes, braces and orthotics, as well as claims about his hernia mesh infection and denial of pain medication. As such, there is no need for Carter to bring a separate lawsuit as to this claim.

Although Mr. Brown is *not* a named defendant in the '057 lawsuit, and would be in the '397 complaint, plaintiff fails to include *any* specific allegations as to Brown's involvement in the denial of plaintiff's requests for shoes, braces and orthotics for this roughly six-week period of time. *See Minix*, 597 F.3d at 833-34. As such, the court will deny Carter leave to proceed on a claim against him, albeit without prejudice to him

7

moving for permission to amend the '057 complaint to include allegations specific to Brown's involvement.

## II. Preliminary Injunctions

Along with his complaints, Carter also filed motions for preliminary injunctions in the '367 and '384 proposed lawsuits. ('367 dkt. #2; '384 dkt. #2.) For a variety of reasons, the court will deny both motions at this time. First, despite substantial, past experience in doing so in other cases, plaintiff failed to follow the court's procedure on motions for injunctive relief, most glaringly by not filing proposed findings of facts with supporting evidence. Second, in light of Carter's representations and concessions in the '057 case, the only remaining issue raised in his various filings in support of a similar motion for preliminary injunction in that case is the refusal to provide a medical mattress; since, as plaintiff acknowledged, defendants reinstated his Pregabalin prescription and provided him with the prescribed shoes, braces and orthotics. (2/19/20 Op. & Order ('057 dkt. #72) 4.) As such, plaintiff's motions for preliminary injunction will be denied, without prejudice to his pursing this relief in the '367 lawsuit as to the denial of a medical mattress by following the proper court procedures.[2]

## III. Other Motions

Across these three cases, plaintiff has repeatedly filed virtually the *same* motions for assistance in recruiting counsel and related motions about the progression of his '057

---

[2] The court will direct the clerk's office to include a copy of the court's procedure for seeking injunctive relief to this opinion and order in case plaintiff wishes to renew the motion with respect to the denial of a medical mattress.

lawsuit. ('367 dkt. ##8, 10, 12, 13, 15; '384 dkt. #3, 7, 9, 11, 12, 14; '397 dkt. #5, 7, 9, 10, 12.)  Since plaintiff has repeatedly demonstrated his ability to represent himself in motion practice in this and other cases, the court will deny all of these motions for the reasons explained in the court's February 19, 2020, opinion (Op. & Order ('057 dkt. #72) 8-9), without prejudice to renewal should plaintiff survive summary judgment.

## IV.  Next Steps

Typically, the next step in the cases for which the court has granted leave to proceed (Case Nos. '367 and '384) would be to serve defendants with the complaint and summons and this order, either through the informal agreement with the Department of Justice or by means of the Marshal Service.  In light of the ongoing '057 lawsuit, the court questions whether a different track may make more sense.  Specifically, the court seeks defendants' input as to (1) whether the claims in the '367 and '384 lawsuits should be consolidated with the '057 lawsuit, and if so, (2) how such "amendments" would impact the proceedings in that case, including defendants' pending (although not fully briefed) motion for summary judgment.

In his most recent filings, Carter has also indicated an interest in settling *all* of his claims.  Perhaps consolidation of these three lawsuits into one would facilitate those discussions, to the extent defendants are interested.  As such, the court will require defendants to submit a short statement in Case No. '057 as to their positions with respect to consolidation of Case Nos. '367 and '384 and proposed changes, if any, that may be necessary to the scheduling order already in place in the '057 lawsuit.

ORDER

IT IS ORDERED that:

1) In Case No. 19-cv-367, plaintiff Jackie Carter is GRANTED leave to proceed on an Eighth Amendment deliberate indifference claim against defendants Sandra McArdle and Jolinda Waterman based on the denial of a medical mattress. Plaintiff is DENIED leave to proceed against defendant Gary Boughton and the claims against him are dismissed without prejudice.

2) In Case No. 19-cv-384, plaintiff Jackie Carter is GRANTED leave to proceed on a First Amendment retaliation claim against defendants Sandra McArdle and Jolinda Waterman.

3) In Case No. 19-cv-397, plaintiff Jackie Carter is DENIED leave to proceed. The clerk's office is directed to enter judgment and close this case.

4) For the time being, plaintiff must send defendants a copy of every paper or document he files with the court. Once plaintiff has learned what lawyer will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendants or to the defendants' attorney.

5) Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

6) Pursuant to an informal agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on the defendants. Under the agreement, the Department of Justice will have 60 days from the date of the Notice of Electronic filing of this order to answer or otherwise plead to plaintiff's complaint if it accepts service for the defendants.

7) If plaintiff is transferred or released while this case is pending, it is his obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his case may be dismissed for failure to prosecute.

8) Plaintiff's motions for preliminary injunction ('367 dkt. #2; '384 dkt. #2) are DENIED. The clerk's office is directed to include a copy of the court's procedures for seeking injunctive relief with the opinion and order in case plaintiff wishes to renew his motion with respect to the denial of medical mattress claim.

9) Plaintiff's various motions for recruitment of counsel and related motions ('367 dkt. ##8, 10, 12, 13, 15; '384 dkt. #3, 7, 9, 11, 12, 14; '397 dkt. #5, 7, 9, 10, 12) are DENIED at this time.

10) On or before March 24, 2020, counsel for defendants in the '057 are directed to file a response to the court's proposal to consolidate the '367 and '384 lawsuits with the '057 lawsuit as described in more detail above.

11) To facilitate defendants' responses set forth in ¶ 10, the clerk's office is directed to add the attorneys on record in the '057 case to the '367 and '384 dockets.

Entered this 10th day of March, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge